# Bruggeman *v.* York City, Appellant.

*Municipalities—Waters—Change of grade.*

In an action of trespass against a city to recover for injuries to land from flooding, resulting from the alleged negligent manner in which the city raised the grade of a city lot and of an alley, in the erection of a fire engine house on the city lot, a verdict and judgment for plaintiff will be sustained where the evidence shows that the city diverted water from its own lot and unnecessarily dammed up the natural course of the flow of water in the alley, and cast the water upon the plaintiff's property.

Argued March 13, 1916. Appeal, No. 14, March T., 1916, by defendant, from judgment of C. P. York Co., Aug. T., 1914, No. 123, on verdict for plaintiff in case of John B. Bruggeman v. City of York. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to real estate alleged to have been caused by the backing of surface water on plaintiff's premises. Before ROSS, J.

The facts are stated in the opinion of the Superior Court.

542, (1916).]    Verdict—Opinion of the Court.

Verdict and judgment for plaintiff for $800.  Defendant appealed.

*Errors assigned,* amongst others, were various portions of the charge.

*John L. Rouse,* City Solicitor, for appellant.—A case close to the present one in its facts is Schweriner v. Philadelphia, 35 Pa. Superior Ct. 128; see also Strauss v. Allentown, 215 Pa. 96; Lange v. Punxsutawney, 44 Pa. Superior Ct. 171; White v. Philadelphia & Reading R. R., 46 Pa. Superior Ct. 372; Berninger v. Railway Co., 203 Pa. 516.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellee.—The city is as much bound as an individual owner of a lot, to find an outlet for the water on it, without encroaching on his neighbor: Morgan v. Duquesne Boro., 29 Pa. Superior Ct. 103; Briegel v. Philadelphia, 135 Pa. 451; Scott v. Hunter, 46 Pa. 192; McGrew v. Stone, 53 Pa. 436; Lang v. Punxsutawney Boro., 44 Pa. Superior Ct. 171; Metzgar v. Lycoming Twp., 39 Pa. Superior Ct. 602.

OPINION BY WILLIAMS, J., July 18, 1916:

This was an action of trespass to recover for injuries resulting from the negligent manner in which the defendant, in the erection of a fire engine house on a lot of ground owned by it, raised the grade thereof and of Rose Alley to the north of its lot.  It may be conceded that the city had the right to raise the grade and improve its lot, and if in the course of the work it committed no act of negligence, then the judgment must be reversed.  If on the other hand, the city or its contractor negligently performed the work which it had a legal right to do, and there is evidence to show such negligence, the question was one for the jury and their finding should be sustained.  In a review of the evidence we find that there

was sufficient evidence of negligence to carry the case to the jury.

Prior to 1912, the defendant had established the grades in that part of the City of York so that all waste water for a large area naturally flowed to a crossing of Jessop Place and Rose Alley upon which the plaintiff's property abutted. The city carried this accumulated water across Jessop Place by a brick gutter, from whence it flowed naturally on to lower ground. In the course of the defendant's operations the brick gutter and its outlet were obstructed by dirt and ties or large timbers, making a dam which collected the waste water and threw it back upon the plaintiff's property. It appears that there was no necessity for blocking this gutter, as it was readily opened after the damage had been done. The court below in its opinion says: "The evidence was uncontradicted that the filling across Rose Alley, was done to enable the teams, engaged in hauling the material to the defendant's lot, to more readily reach the level of the lot as it had been raised. There was no evidence offered which tended to show that the filling across the public highway was done with any specific authority, but it was allowed to remain in the same condition for a long time after the damage complained of had been done, and after complaint had been made to defendant." It thus appears that the defendant not only raised the grade of its lot, but the alley also, and not only diverted the water from its own lot, but also dammed up the natural course of flow in the alley and cast it against the plaintiff's property. It will be worth noting that the jury had a view of the premises.

The numerous contentions of the appellant pertain to immaterial features of the case. The only question was the negligence of the defendant, and, the court having fairly presented the case to the jury, we do not feel that any assignment of error to isolated statements in the charge, which might suggest error, should be sustained. The charge as a whole was a fair presentation of the

facts and the law applicable thereto, and the evidence justified the finding of the jury.

The assignments of error are overruled and judgment affirmed.